IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARGARET BAKER-PROCTOR*,* et al.

v.                          :   Civil Action No. DKC 21-3299

PNC Bank, N.A.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this defamation case is the motion to dismiss filed by Defendant PNC Bank, N.A. ("Defendant" or "PNC Bank"). (ECF No. 15). The issues have been briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background[1]**

On or about May 5, 2021, Plaintiff Margaret Baker-Proctor drove with her elderly mother, Mary Baker, through a PNC Bank "drive thru" in Maryland so that Ms. Baker, the mother, could conduct a banking transaction.[2] (ECF No. 14 at 2). Plaintiffs

---

[1] This section describes the facts as alleged in the amended complaint. (ECF No. 14).

[2] Defendant has noted that there is a discrepancy in the description of Plaintiffs and their relationships to one another between the amended complaint and Plaintiffs' response to Defendant's motion to dismiss. (ECF No. 18 at 1 n.1). According to the amended complaint, the two plaintiffs, Margaret Baker-Proctor and Catherine L. Dickerson are the daughters of non-party

allege that, unbeknownst to them, Defendant subsequently filed a criminal report with the St. Mary's County Sheriff's Office, alleging that Plaintiffs had committed theft and fraud. (ECF No. 14 at 4). In July 2021, Plaintiffs learned of an article published on firstsheriff.blogspot.com that contained photos of Ms. Baker-Proctor and Ms. Baker and the following text:

> The St. Mary's County Sheriff's Office is seeking the identities of the persons pictured in a fraud and theft investigation. On Wednesday, May 5, 2021, the suspects arrived at the drive thru of the PNC Bank in Leonardtown in a blue four-door Chevy Impala and withdrew $1,250 from the victim's savings account. The passenger suspect filled out the withdrawal slip, which was submitted by the driver suspect.

(ECF No. 1-3 at 10). The article encouraged people with information about the identities of the suspects to contact the "St. Mary's County Crime Solvers." The same article was published on multiple other media platforms, including smnewsnet.com, "Bay Net," and social media websites. (ECF No. 14 at 2). Plaintiffs contacted PNC Bank and the St. Mary's County Sheriff's Office, at

---

Mary Baker, and Catherine L. Dickerson is proceeding on behalf of her mother. Plaintiffs' response to Defendant's motion states that Plaintiff Dickerson is the mother of Plaintiff Baker-Proctor and does not mention a Mary Baker. (ECF No. 17 at 6). The facts as alleged in the amended complaint control, as a party may not amend a complaint through a response in opposition to a motion to dismiss. *See Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 (D.Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). In any event, it is unnecessary to resolve this discrepancy in ruling on the motion to dismiss.

which point they were told that the report was a mistake and that they were not suspects in a crime. Plaintiffs allege that they "were harassed and denied job opportunities" as a result of the publications. (ECF No. 14 at 3).

On November 16, 2021, Plaintiffs filed a complaint in the Circuit Court for St. Mary's County, Maryland against Defendant PNC Bank, asserting claims of defamation per se, negligence, false light, and intentional infliction of emotional distress. (ECF No. 1-3). Defendant filed a notice of removal on December 28, 2021, on the basis of diversity jurisdiction. (ECF No. 1). Plaintiffs filed an amended complaint on February 18, 2021, (ECF No. 14), and Defendant filed a motion to dismiss for failure to state a claim on March 14, 2022, (ECF No. 15). Plaintiffs filed a response in opposition, and Defendant filed a reply. (ECF Nos. 17, 18).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must include more than

"a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (internal quotation marks omitted). Indeed, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. When undertaking this review, the court must consider all well-pleaded allegations in a complaint as true. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

## III. Analysis

### A. Defamation

Defendant moves to dismiss Plaintiffs' defamation claim, arguing that (1) the statements published in the articles Plaintiffs cited in their amended complaint cannot give rise to a claim against Defendant because the articles were published by third parties, and (2) Defendant's alleged statement published to the police is privileged.  (ECF No. 15-1 at 9-12).

Under Maryland law, a properly pleaded defamation claim is accompanied by specific facts establishing the following four elements: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) (quoting *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441 (2009)).[3]  Plaintiffs' complaint alleges that Defendant committed defamation *per se*, as opposed to defamation *per quod*.  Thus, the defamatory character of the statement must be imputed by the "words themselves," rather than

---

[3] The parties apply, without discussion, Maryland law to this diversity case.  Under Maryland choice-of-law doctrine, the "law of the place of injury" applies "as to all matters of substantive law." *Lewis v. Waletzky*, 422 Md. 647, 657 (2011).  The place of injury here was clearly in Maryland, where all relevant events described in the complaint occurred.  Therefore, Maryland law applies.

by the context in which the words were said.  *See Metromedia, Inc. v. Hillman*, 285 Md. 161, 172 (1979).

Defendant is correct in asserting that Plaintiffs needed to allege that a defamatory statement was made by Defendant, rather than by a third party.  *See Piscatelli*, 424 Md. at 306 (explaining that the plaintiff must establish "that *the defendant* made a defamatory statement" (emphasis added)); *see also Harvey v. Cable News Network, Inc.*, 520 F.Supp.3d 693, 714 (D.Md. 2021) (dismissing claims based on statements made by parties other than the defendant).  Plaintiffs allege that "[a]ll publications were authorized, overseen, or otherwise compiled by the Defendant who thereafter circulated and published [the] same to the public via Worldwide Newspaper, Bay Net[,] and other social platforms[.]" (ECF No. 14 at 4).  Plaintiffs provide no additional facts to support their allegation that Defendant runs, oversees, or publishes articles via those websites.  This allegation falls into the category of "naked assertion[s] devoid of further factual enhancement" that will not suffice to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.  Therefore, there is no plausible claim for relief against Defendant based on the articles published on third-party websites.[4]

---

[4] Plaintiffs do not respond to Defendant's argument to this effect in their response to Defendant's motion.  Thus, in any event, it is treated as conceded.  *See Stenlund v. Marriott Int'l, Inc.*, 172 F.Supp.3d 874, 887 (D.Md. 2016).

The only defamatory statement to a third party that can be attributed to Defendant is the alleged report Defendant made to the St. Mary's County Sheriff's Office.  However, as Defendant asserts, "Maryland law affords a 'qualified privilege' to 'any person who makes an oral, written[,] or printed report about matters involving violations of the law.'"  *Carroll v. City of Westminster*, 52 F.Supp.2d 546, 566 (D.Md. 1999) (quoting *Fearnow v. C & P Tele. Co.*, 104 Md.App. 1, 67 (1995), *rev'd on other grounds*, 342 Md. 363 (Md. 1996)); *see also Johnson v. PNC Bank, N.A.*, No. 19-CV-3136-ELH, 2020 WL 1491355, at *10 (D.Md. Mar. 27, 2020); *Bailey v. Budget Rent a Car Sys., Inc.*, No. 16-CV-0636-ELH, 2016 WL 1721386, at *6 (D.Md. Apr. 29, 2016).  This means that Plaintiffs' defamation claim based on that statement can only stand if they have plausibly alleged that Defendant acted with malice or otherwise abused the privilege, meaning that Defendant had "actual knowledge that [its] statement [wa]s false, coupled with [its] intent to deceive another by means of that statement." *Piscatelli*, 424 Md. at 307-08 (quoting *Ellerin v. Fairfax Sav., F.S.B.*, 337 Md. 216, 240 (1995)); *see also Miner v. Novotny*, 304 Md. 164, 167 (1985).  And "[w]hile malice is usually a question for the fact-finder, it need not be submitted to the fact-finder when the plaintiff fails to allege or prove facts that would support a finding of malice." *Piscatelli*, 424 Md. at 308.

Here, Plaintiffs have not alleged that Defendant made the report to the police with actual knowledge that the report was false, nor have they alleged that Defendant intended to deceive the police with the report.  At most, they attempt to frame the fact that Defendant allegedly made the report "without any prior investigation" as evidence of actual malice.  However, this falls far short of actual knowledge of falsity with an intent to deceive.[5] Therefore, Plaintiffs have failed to state a plausible defamation claim against Defendant.

**B. Negligence**

Defendant also moves to dismiss Plaintiffs' negligence claim. Defendant argues that Plaintiffs cannot assert a separate claim for negligent publication in addition to a defamation claim because the claims would be redundant.  (ECF No. 15-1 at 15).  Regardless of the merits of this argument, because Plaintiffs' defamation claim will be dismissed, Plaintiffs could have sought to pursue their negligence claim in the alternative.  However, Plaintiffs did not respond to Defendant's challenge to their negligence claim in their response to Defendant's motion, nor did they make any

---

[5] Plaintiffs argue that malice can be shown by proof of "reckless disregard for the truth."  (ECF No. 17 at 18).  While that was once true, the Maryland Court of Appeals superseded that standard in *Piscatelli*, 424 Md. at 307-08, such that actual knowledge of falsity is now required under Maryland law.  *See Johnson*, 2020 WL 1491355, at *11 (citing *Shirley v. Heckman*, 214 Md.App. 34, 45-46 (2013)).

arguments in support of their negligence claim.  Therefore, they have abandoned their claim.  *See Mentch v. E. Sav. Bank, FSB*, 949 F.Supp. 1236, 1247 (D.Md. 1997).

Had Plaintiffs not abandoned their negligence claim, there would be serious doubt as to its viability.  Specifically, there is a question as to whether Plaintiffs have articulated a duty Defendant owed to them and breached by filing a police report for suspected fraud and theft.[6]  *See Johnson*, 2020 WL 1491355, at *4-7 (discussing lack of duty in case with facts nearly identical to the present case).  Out of an abundance of caution, this claim will be dismissed without prejudice to afford Plaintiffs the opportunity to move to amend their complaint for a second time and articulate more clearly the duty that Defendant owed to Plaintiffs, should they choose to do so.

**C. False Light**

Defendant moves to dismiss Plaintiffs' false light claim based on the qualified privilege that also applied to Plaintiffs' defamation claim.  (ECF No. 15-1 at 13).  Defendant is correct that "a qualified privilege that would shield a defendant from liability for defamation applies equally to a claim of false light invasion of privacy."  *Lindenmuth v. McCreer*, 233 Md.App. 343, 367

---

[6] In their amended complaint, Plaintiffs allege only that "Defendant owed a duty of care to all its customers who frequent the bank including the Plaintiffs."  (ECF No. 14 at 5).

(2017); *see also Mazer v. Safeway, Inc.*, 398 F.Supp.2d 412, 431 (D.Md. 2005). Because, as previously discussed, Plaintiffs failed to allege facts that would support a finding of actual malice, Defendant's statement to the police is immune from Plaintiffs' false light claim as well.

### D. Intentional Infliction of Emotional Distress

Finally, Defendant moves to dismiss Plaintiffs' intentional infliction of emotional distress claim. (ECF No. 15-1 at 14). Defendant argues that the conduct Plaintiffs describe in their amended complaint does not rise to the level of "extreme and outrageous," as is required to sustain such a claim.

Under Maryland law, a claim for intentional infliction of emotional distress requires four elements: "(1) [t]he conduct must be intentional or reckless; (2) [t]he conduct must be extreme and outrageous; (3) [t]here must be a causal connection between the wrongful conduct and the emotional distress; [and] (4) [t]he emotional distress must be severe." *Batson v. Shiflett*, 325 Md. 684, 733 (1992) (internal quotation marks omitted) (quoting *Harris v. Jones*, 281 Md. 560, 566 (1977)). In order to qualify as "extreme and outrageous," the conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Harris*, 281 Md. at 567). This is a very high bar, and it is exceedingly rare for Maryland plaintiffs to make such a showing.

10

*See Haines v. Vogel*, 250 Md.App. 209, 230 (2021) (noting that a claim for intentional infliction of emotional distress has been sustained in Maryland only four times); *see also D&A Designs LLC v. Fox Television Stations, LLC*, No. 20-CV-2993-JKB, 2021 WL 100803, at *5 (D.Md. Jan. 12, 2021).

Plaintiffs allege in their amended complaint that "Defendant's actions were extreme and outrageous beyond all bounds of decency, so as[] to be deemed utterly intolerable in a civilized community, and the Defendant intentionally or recklessly caused the Plaintiffs to suffer severe emotional distress." They add, "The recitation of the Defendant's actions will arouse resentment in an average member of the community." (ECF No. 14 at 8). In their response to Defendant's motion, they highlight the allegations in the amended complaint that Defendant "published false statements" "without any prior investigation." (ECF No. 17 at 20). These allegations, presumed to be true for the purpose of resolving this motion, do not rise to the level of "extreme and outrageous" as defined under Maryland law. *See D&A Designs LLC*, 2021 WL 100803, at *5 (dismissing an intentional infliction of emotional distress claim based on allegations that a defendant published "a knowingly false account" of fraud and theft by the plaintiff). Plaintiffs' conclusory label of Defendant's actions as "extreme and outrageous" falls short of the federal pleading

standards.   *See  id.*   Accordingly,  Plaintiffs'  intentional infliction of emotional distress claim fails as well.

**IV.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted.  Plaintiffs' negligence claim will be dismissed without prejudice.

 /s/
DEBORAH K. CHASANOW
United States District Judge
